**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 06-00278-KD-C** |
| | ) | |
| **DAVID MARK YOUNG,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on the defendant David Mark Young's "Motion to Issue Subpoena's" (doc. 154) and "Motion to Order Production of Record" (doc. 155). Upon consideration, and for the reasons set forth herein, the motions are **DENIED.**

In the Motion to Issue Subpoenas, Young moves the Court to issue a subpoena duces tecum to the Mobile County Sheriff's Department and to the United States Attorney's Office for production of copies of ten groups of documents spanning the time from January 2004 through September 2009 (doc. 154, p. 3, 9, Schedule A attached to the subpoenas). Young explains that the subpoena to the Sheriff "is for the sole purpose of gathering documentation of [the] criminal investigation conducted" by the Sheriff's Department in January and February 2006, which he asserts "was the principle gathered evidence used by the U.S. Attorney's Office" in prosecution of this action. He states that "[t]he information & documents sought are in lieu of petitioner filing a 28 USC 2255 petition before January of 2014". As to the subpoena to the U.S. Attorney, Young explains that it is "for information & documentation as specified in the subpoena, that was received by" the U.S. Attorney from the Sheriff "pertaining" to him (doc. 154).

In the Motion to Order Production of Record, Young moves the Court to produce a copy of the Second Superseding Indictment from *United States v. Young*, Criminal Action No. 89-

00103-CB (S. D. Ala. 1989) (doc. 155). Young states that "[t]his is a subpoena only, & this motion is not to be construed as a 28 USC 2255 petition. The record sought is for litigation as an issue in case no. 1:06-cr-00278-KD" (*sic*) (*Id*). In the subpoena duces tecum attached to the motion, Young explains that the "subpoena has been issued . . . in connection with the case known as *David M. Young v. United States of America*, in a 28 USC 2255 proceeding, to begin prior to January of 2014." (doc. 155, p. 2).

By his own statements, Young has not yet filed a § 2255 motion to vacate and seeks this discovery for the purpose of preparing his motion. However, "[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error." *Walker v. United States*, 424 F.2d 278, 279 (5th Cir.1970)[1]; s*ee also United States v. Hernandez*, 431 Fed. Appx. 813 (11th Cir. 2011) (affirming district court's denial of motion for transcripts); *United States v. Moran,* 19 F. 3d 1427 (1st Cir. 1994) (finding no abuse of discretion in denying Moran's motions for discovery "filed *in advance* of the filing of any motion to vacate . . . pursuant to 28 U.S.C. § 2255" and that Moran was not entitled to discovery "in the hope of uncovering some basis for collateral relief from his conviction.") (italics in original).

DONE and ORDERED this the 10th day of May, 2013.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit before October 1, 1981.